# Order

Michigan Supreme Court
Lansing, Michigan

July 23, 2008

128180

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

RANDAL SCOTT HIGHLAND,
        Defendant-Appellant.

_____/

SC: 128180
COA: 259652
Kent CC: 02-005463-FH

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

On order of the Court, the application for leave to appeal the January 14, 2005 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Kent Circuit Court for further proceedings not inconsistent with this order. The defendant filed a timely motion to withdraw his plea. When that motion was denied, he filed a timely motion for reconsideration. The circuit court did not enter an order disposing of that motion. The August 31, 2004 letter in the court file is not an order properly disposing of the motion, the docket entries do not reflect any disposition of the motion, and the file otherwise contains no such order. As a consequence, the reconsideration motion was outstanding and the defendant's case was pending on direct review when the United States Supreme Court decided *Halbert v Michigan*, 545 US 605; 125 S Ct 2582; 162 L Ed 2d 552 (2005), entitling the defendant to the appointment of counsel. *Griffith v Kentucky*, 479 US 314; 107 S Ct 708; 93 L Ed 2d 649 (1987). The defendant's application for leave to appeal to the Court of Appeals should have been dismissed as premature rather than as untimely.

In this case, no remand for the appointment of counsel is necessary, however, because after the Court of Appeals dismissed the appeal, and while the defendant's application was pending in this Court, the circuit court appointed attorney James D. Lovewell as counsel pursuant to *Halbert*. Counsel may now file an application for leave to appeal with the Court of Appeals, and/or any appropriate postconviction motions in the trial court, within twelve months of the date of this order, as, at the time defendant was denied counsel, he was entitled to file pleadings within twelve months of sentencing rather than six months. See the 2004 versions of MCR 7.205(F)(3), MCR 6.311, and

MCR 6.429. Counsel may include among the issues raised, but is not required to include, those issues raised by the defendant in his application for leave to appeal to this Court. In all other respects, leave to appeal is DENIED, because we are not persuaded that the questions presented should now be reviewed by this Court.

We do not retain jurisdiction.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 23, 2008

Clerk

d0716